IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MILTON ROSALES, § | | |
| MILTON BETANCOURT, § | | |
| WILMER BRITO, § | | |
| DENNIS ROSALES, § | | |
| ZUNIGA, JESUS § | | |
|         Plaintiff § | | |
| v. § | CIVIL ACTION NO. _____ | |
| § | | |
| HEB GROCERY COMPANY, LP and § | | |
| FRIO NEVADA COPORATION § | | |
| § | JURY TRIAL DEMANDED | |
|         Defendant § | | |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

Now come Milton Rosales, Milton Betancourt, Wilmer Brito, Dennis Rosales Solis, Jesus Zuniga. ("Plaintiffs") on behalf of themselves and all others similarly-situated, and complain of Frio Nevada Corporation and HEB Grocery Company, L.P. ("Defendant") and for cause of action would show the Court as follows:

## I.
## INTRODUCTION

1. Plaintiffs bring a collective action to recover unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 *et seq*.

2. Plaintiffs seek declaratory relief, back pay and liquidated damages, attorney's fees, and taxable costs of court, pursuant to 29 U.S.C. §216(b), for Defendants' willful failure to pay overtime to Plaintiffs and all others similarly-situated, in the course of their employment with the Defendants.

3. Accordingly, Plaintiffs brings this action on behalf of themselves and other employees similarly-situated.

1

## II.
## JURISDICTION AND VENUE

4. The Plaintiff's claims arise under the Fair Labor Standards Act ("FLSA"). 29 U.S.C. §201 *et. seq.* Accordingly, this Court has jurisdiction over the subject matter of this action under 29 U.S.C. §216(b) and 28 U.S.C. §1331.

5. Venue is proper in the Southern District of Texas because a substantial portion of the events forming the basis of this suit occurred in the Southern District of Texas. Venue is also proper in the Southern District of Texas because Defendant has its principal place of business in Texas and in the Southern District of Texas.

## III.
## PARTIES

6. Plaintiffs Milton Betancourt, Wilmer Brito, Milton Rosales, Dennis Rosales Solis, Jesus Zuniga reside in Harris County, Texas, and may be contacted by through the undersigned attorneys of record.

7. Each Plaintiff consents to be a party in this action as manifested in the consent forms attached hereto as "Exhibit A."

8. Defendant HEB GROCERY COMPANY, LP, is a Texas Limited Partner that conducts business in the State of Texas. Defendant may be served by serving its registered agent Abel Martinez, 646 South Main Avenue, San Antonio, Texas 78204.

9. Defendant Frio Nevada Corporation, is a Texas corporation that conducts business in the State of Texas. Defendant may be served by serving its registered agent Geoffrey Comstock at 1400 West Ave., San Antonio, Tx 78201, or at any other place it may be found.

## IV.
## COVERAGE OF THE FLSA

10. At all material times, Defendant has been an employer within the meaning of the FLSA.

9. At all material times, Defendant has operated an enterprise within the meaning of the FLSA.

10. At all material times, Defendant has operated an enterprise engaged in commerce and/or in the production of goods for commerce within the meaning of the FLSA.

11. At all material times, Plaintiffs were an individual employee who were engaged in commerce as required by the FLSA. Like the Plaintiff, the members of the Plaintiffs Class were employees engaged in commerce or in the production of goods for commerce in performing their duties for the Defendant.

## V.
## CLASS ALLEGATIONS

12. Plaintiffs files this case an "opt-in" class action as specifically allowed by 29 U.S.C. §216(b).

13. The class that the Plaintiffs seeks to represent may be described as follows:

> 1) All current and former employees of the above-named Defendants who worked as "cleaning and sanitation" workers at HEB warehouse and distribution center at 4625 Windfern Road, Houston, Texas 77041, during the three year period before the date of this lawsuit and 2) who claim they were not paid for overtime hours worked and 3) seek payment for such hours.

14. Plaintiffs seeks to represent only those members of the above-described group who, after appropriate notice of their ability to opt-in to this action, have provided consent in writing to be represented by Plaintiff's counsel as required by 29 U.S.C. §216(b).

15. Those persons who choose to opt in, hereinafter referred to as the "Plaintiffs Class" will be listed on subsequent pleadings and copies of the written consents to sue will be incorporated here by reference.

16. Plaintiffs contend that this action is appropriate for class action status because the Defendants herein have acted in the same manner with regard to all members of the Plaintiffs Class.

17. The members of the Plaintiffs' Class are similarly-situated to Plaintiffs and are owed overtime wages for the same reasons as the Plaintiffs. These employees should be notified of this case and given the opportunity to joint this suit.

## VI.
## FACTUAL ALLEGATIONS

18. Defendant HEB owns and/or operates more than 300 warehouse across the state of Texas, and engages Defendant Frio Nevada to clean displays and rearrange products and produce in HEB's warehouse.

19. During the relevant period, Plaintiffs were employed by Defendants to clean displays and rearrange products and produce in HEB's warehouse.

20. At all times relevant to this action, Defendant has been subject to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 *et seq*.

21. For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

22. As a matter of economic reality, the Plaintiffs were jointly employed by HEB and Frio Nevada. Facts demonstrating that the Defendants were employers include, among others:

> a) The work performed by the Plaintiffs for the Defendants was unskilled routine labor that did not require specialized training, equipment, expertise or business judgment.
> b) The work performed by the Plaintiffs for the Defendants was a necessary, routine, and integral part of the daily business of HEB's warehouse where they worked.
> c) The work was performed by Plaintiffs daily on the premises of Defendant HEB's warehouse on a relatively permanent basis for an ongoing and indefinite period of time.
> d) The Defendants had effective shared authority over the Plaintiffs, including hiring and firing decisions, supervision, control, pay records, work terms, and work schedules.
> e) The Plaintiffs were jointly dependent on each of the Defendants for the materials and equipment used for their work and for their terms and conditions of employment.

      f)  Each of the Defendants acted directly or indirectly in the interest of the other Defendant employer in relation to the Plaintiffs, and the Defendants were not completely disassociated from one another with respect to the Plaintiffs' employment.

18. Plaintiffs worked full-time and exclusively inside of HEB stores, under the supervision of HEB managers, who provided constant supervision of their production and the cleanliness of their worksite, using fruit, produce, tools and materials supplied by HEB.

19. Not all HEB managers, freezer department managers, and produce managers complied with the independent contractor agreement between HEB and Frio Nevada.

## VII.
## UNPAID OVERTIME COMPENSATION

20. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully re-written herein.

21. Plaintiffs routinely worked more than forty (40) hours per week for Defendants, and reported these overtime hours accurately.

22. However, Defendants refused to pay Plaintiffs for more than forty hours per week.

23. Defendants paid Plaintiffs on an hourly basis, but only straight time instead of time and a half for any hours after the first forty (40) in each week.

24. Upon information and belief, Defendant failed to accurately record all of the hours in which Plaintiffs worked.

25. Plaintiffs were non-exempt employees.

26. Defendants have not made a good faith effort to comply with the FLSA. Rather, the Defendant knowingly, willingly, and/or with reckless disregard carried out their illegal pattern or practice regarding minimum wages and overtime compensation.

## VIII.
## COLLECTIVE ACTION ALLEGATIONS

27. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully re-written herein.

28. Other employees have been victimized by this pattern, practice, and policy of the Defendant

29. Other, similarly-situated employees are being denied their lawful wages.

30. Upon information and belief other, similarly-situated employees are having less than their full work hours recorded by Defendants.

31. Accordingly, Defendants' pattern or practice of failing to pay the employees' overtime pay (at time and one-half) as required by the FLSA results from Defendants' general application of policies and practices, and does not depend on the personal circumstances of the members of the Plaintiffs' Class.

32. Thus, Plaintiffs' experience as cleaners are typical of the experience of the Plaintiffs' Class.

33. The specific job titles or job requirements of the various members of the Plaintiffs Class do not prevent collective treatment.

34. All employees, regardless of their job requirements or rates of pay, who are denied overtime compensation for hours worked in excess of forty (40) per week, are similarly-situated.

35. Although the issue of damages may be individual in character, the facts related to liability are common to the Plaintiffs' Class.

36. Plaintiffs and the Plaintiffs' Class seek an amount of back pay equal to the overtime compensation which has been unlawfully withheld in a period beginning three years prior to the filing of this lawsuit and continuing until the date of trial.

## IX.
## CAUSE OF ACTION: FAILURE TO PAY OVERTIME

37. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully re-written herein.

38. Defendants' failure to pay overtime wages, to the Plaintiffs and the Plaintiffs' Class, was and is in violation of the FLSA.  Accordingly, the Plaintiffs and the Class are entitled to overtime in an amount equal to one and one-half times their regular rates of pay for each hour worked over forty in each workweek.

39. Additionally, the Plaintiffs and the Plaintiffs Class are entitled to an amount equal to all their unpaid wages as liquidated damages.

40. Defendant has been sued in the past for overtime violation by managers and hourly employees, for failing to pay for all hours worked.

41. Previous suits by managers put Defendants on notice of the limited scope of exemptions to the FLSA.  Previous suits by hourly employees put defendants on notice that such employees must be paid for all hours actually worked.

42. These prior lawsuits made Defendants aware that their payroll practices violated the FLSA, and put Defendant on notice that it needed to re-evaluate its manner of paying its store employees.

43. Even after the conclusion of these prior lawsuits, which encompassed many of Defendants' employees nationwide, Defendant failed to bring its timekeeping and compensation policies into compliance with the FLSA.

44. Based on the prior lawsuits, and Defendants alteration of employee time records, Plaintiffs alleges that Defendants knew and/or should have known that its sanitation workers were entitled to be paid for their overtime hours of work.

45. Despite actual knowledge of the prior lawsuits and the employees off the

books hours' of work, 2 Defendants failed and continues to fail to pay proper overtime wages to its sanitation workers in violation of the FLSA.

46. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully re-written herein.

47. Plaintiffs and the Plaintiffs' Class are entitled to recover attorneys' fees and costs of this action as provided by the Fair Labor Standards Act, 29 U.S.C. §216(b).

## X.
## JURY DEMAND

48. The Plaintiffs hereby demand a jury trial.

## XI.
## PRAYER

WHEREFORE, the Plaintiffs requests that this Court award them and the Plaintiffs' Class judgment against Defendant for the following relief:

a. A declaration that Defendants have violated the Fair Labor Standards Act, specifically 29 U.S.C. 207, by failing to pay Plaintiffs and all other similarly-situated employees' overtime pay at one and one half times their regular hourly rate for all hours in excess of forty (40) worked during each seven-day work period.

b. Damages for the full amount of their unpaid overtime compensation;

c. An equal amount as liquidated damages;

d. Reasonable attorneys fees, costs, and expenses of this action;

e. such other and further relief as may be allowed by law.

Respectfully submitted,

TRAN LAW FIRM L.L.P.

       /S/Trang Q. Tran
Trang Q. Tran
Federal I.D: 20361
Texas Bar No. 00795787
Andrew H. Iwata
Federal I.D: 625974
Texas Bar No. 24048568
3050 Post Oak, Suite 1720
Houston, Texas 77056
(713) 223-8855 Telephone
 (713) 623-6399 Facsimile

**LEAD ATTORNEY(S) FOR PLAINTIFFS**


/S/ Kristopher Ahn

Kristopher Ahn
Federal I.D: 0078312
Texas Bar No. 17241
Ahn Law Firm
9930 Long Point Rd
Houston, Texas 77055
(713) 781 – 2322 Phone
(713) 781 – 2542 Fax

9