UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MILTON ROSALES, | § | |
| MILTON BETANCOURT, | § | |
| WILMER BRITO, | § | |
| DENNIS ROSALES, | § | |
| ZUNIGA, JESUS | § | |
| PLAINTIFF | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:14-cv-03187 |
| | § | |
| HEB GROCERY COMPANY, LP and | § | |
| FRIO NEVADA CORPORATION | § | |
| | § | |
| DEFENDANTS | § | |

**DEFENDANT FRIO NEVADO CORPORATION'S MOTION TO STRIKE AND OBJECTIONS TO PLAINTIFFS' SUPPORTING EVIDENCE, REQUESTED DISCOVERY, NOTICE AND CONSENT TO SUE AND PROCEDURAL REQUESTS RELATING TO MOTION FOR CONDITIONAL CERTIFICATION**

Defendant Frio Nevado Corporation submits the following Motion to Strike and Objections to Plaintiffs' Supporting Evidence, Discovery Request, Notice and Consent to Sue and Procedural Requests Relating to Plaintiffs' Motion for Conditional Certification ("Motion") and respectfully states:

I. MOTION TO STRIKE AND OBJECTIONS TO EVIDENCE

1.  Plaintiffs' evidence consists of four almost identical Declarations attached as Exhibits B, C, D, and E to Plaintiffs' Motion. (Dkt. 19-1, pgs. 8 - 26).

    a.  Objections to Declarations (Dkt. 19-1):

2.  As detailed below, Defendant objects to Plaintiffs' evidence in support of their Motion for Conditional Certification to the extent that it is based upon the Declarants' lack of personal knowledge, is pure conjecture or speculative in nature. *See* FED. R. EVID. 602. In addition,

Defendant objects to those portions of Plaintiffs' evidence which are conclusory in nature and lack proper foundation. *See* FED. R. EVID. 602, 701. Defendant also objects to statements of hearsay. *See* FED. R. EVID. 801(c), 802, 805.

3. The declarations are almost identical and contain the same objectionable statements. The following objections are asserted regarding the Declarations of Milton Betancourt, Jesus Zuniga Pavon, Dennis Orlando Soliz Pavon, and Manuel Castro (Dkt. 19-1, Exhibits B, C, D, and E):

| | |
|---|---|
| ¶2 I was "employed" . . . I was hired as an "employee" | Objections: Conclusory and lack of foundation. Whether an individual is an employee or independent contractor is based on multiple factors, Defendant objects on the basis it is a legal conclusion. |
| ¶4 All references to job duties being the same in all departments | Objections: Conclusory and lack of foundation. Declarants fail to state which department they worked in and how they know the job duties of every department. |
| ¶6 All of the cleaners worked more than 40 hours | Objections: Conclusory, lack of personal knowledge, speculation and lack of foundation. Plaintiff does not state how he knows "all" persons worked more than 40 hours, he fails to state when he worked or what department. |
| ¶10 Declarant "talked to" other cleaners and "believes" others would opt in | Objections: hearsay, peculative, lacks foundation and lacks personal knowledge |

Defendant requests that the Court sustain its objections, strike the evidence and not consider it in deciding Plaintiffs' Motion for Conditional Certification.

## II. PLAINTIFFS' REQUEST FOR INFORMATION

1. In Plaintiffs' Motion, Plaintiffs request that the Court require Defendant to provide the last known names and addresses for all current and former workers within the potential class. (Dkt. 19, pg. 12) Defendant has requested that the Court deny Plaintiffs' request for conditional

certification in Defendant's Response to Plaintiffs' Motion. If the Court denies the request, this request for information is not relevant and is moot.

2.      In the alternative, in the event that the Court grants conditional certification, Defendant states as follows: Defendant does not object to Plaintiffs' request for the last known names and addresses of the potential class members as stated in the Motion. *See* Plaintiffs' Motion, Dkt. 19, p. 12.  Defendant, however, objects to the time frame of 7 days and requests that it be given at least 10 business days to gather the information.

3.      Further, to the extent necessary, Defendant objects to Plaintiffs' proposed order. (Dkt. 24-1) (per Plaintiffs' notice this proposed order replaces Plaintiffs' prior proposed order Dkt. 19-2). The proposed order far exceeds the information actually requested in the Motion and would require Defendant to produce additional information consisting of all known phone numbers, dates of birth, all known email addresses, driver's license numbers, social security numbers, and dates of employment of all class members.  (Dkt. 24-1, pg. 2). Defendant objects to the proposed order because it would require Defendant to provide information that was not requested in Plaintiffs' motion and because it would require Defendant to provide information that is personal and confidential relating to each class member and information that far exceeds what is needed to send notice.

4.      Defendant requests that the Court sustains its objections, limit any order requiring Defendant to produce information to the last known name and addresses of the class members as specifically requested in Plaintiffs' Motion and give Defendant a period of 10 business days to compile the information.

### III. OBJECTIONS TO PROPOSED NOTICE, Exh A (Dkt. 19-1, pg. 3-6)

1.      Subject to Defendant's opposition to Plaintiffs' Motion for Conditional Certification, if the Court orders notice, Defendant objects to the proposed notice as specified below and

respectfully requests that the Court order the parties to meet, confer and jointly prepare an accurate and balanced notice and agree upon the procedural rules.

2. Defendant objects to the initial paragraph that states it is "TO: All persons who currently or previously worked for HEB Grocery Company, LP and Frio Nevado Corporation." The statement does not accurately define the class, as requested in Plaintiffs' Complaint (Dkt. 1), Proposed Order (Dkt. 24) and/or as Defendant has requested it be limited in Defendant's Response to Plaintiffs' Motion, filed contemporaneously with these objections.

3. Defendant objects to the paragraph entitled "What is this about?" This paragraph is one sided, asserting Plaintiffs' factual allegations and legal position without accurately asserting Defendant's factual and legal positions, including failing to include statements that Defendant has denied the allegations (rather than "objected to all of the claims") and has asserted that under the law plaintiffs and other individuals receiving the notice worked as independent contractors and were paid properly, are not owed any money and anyone joining should be required to share in the costs. Defendant further objects to the change in font regarding the award of twice the amount of unpaid overtime pay, plus attorney's fees.

4. Defendant objects to the section titled: "Why am I getting this?" because it is not accurate. Rather than the statements made in Plaintiffs' proposed notice, this section should specify that a federal judge has ruled that the class members should be given an opportunity to join an action that was asserted by Plaintiffs' for unpaid overtime; that Plaintiffs' claims have been disputed by Defendants, that Defendants have asserted that the individuals were properly paid and Defendant HEB has asserted it is not an employer. The notice should further specify that the Court expresses no view on the actual merits of the case and that the individual's right to participate still depends upon other decisions the Court may make, including whether the person is similarly situated to the Plaintiffs.

5. Defendant objects to the paragraph regarding "So What Are My Options?" This section should more clearly set forth the options by clearly stating in the first sentence the individual may decide to join the lawsuit or may decide not to join the lawsuit. The notice should specify that individuals are under no obligation to join the lawsuit and do not lose rights by not joining this case. Defendant objects to the change in font and having the last line in bold. The bolded statement is misleading and implies the individual will receive money if the person joins the case. The bolded statement should be deleted from this section and revised and addressed in the section entitled "What If I Do Not Join?" Also, to avoid frivolous claims, a statement should be included to specify that nothing should be done if the person worked as an independent contractor and/or is not otherwise owed overtime. Defendant objects to the 60 day period for sending notice. Defendant is unaware of any reason to have such a lengthy notice period and believes that 30 days is sufficient time for the filing of consents.

6. Defendant objects to the section "What Happens If I Join?" The proposed Notice is defective because it does not inform putative class members that, by electing to participate in this civil action, (a) they are subjecting themselves to the personal jurisdiction of the Court; (b) they may be required to answer written questions, sit for depositions, and/or testify in court, (c) they may be subjected to a counterclaim(s) asserted by Defendants; (d) the individual may not be entitled to recover unless the evidence supports such a recovery and (e) if the Plaintiffs lose, they will be bound by the judgment and may be responsible for their share of taxable costs for the defense of this civil action if they do not prevail at trial, whether represented by Plaintiffs' counsel or another attorney. Defendant also objects to the change in font.

7. Defendant objects to the section "What Can I Get?" Defendant objects to the title and content of this section and the change in font. This section should be renamed to "What is the position of the Plaintiffs and Defendants?" This section should specify the parties' positions

including providing information regarding the Plaintiffs' claims that under the law they are entitled to recover overtime pay, plus an additional amount equal to their unpaid wages and attorney's fees to the extent a person establishes that the person was an employee, worked overtime and was not paid overtime. The section should further specify that Defendants disagree with the Plaintiffs' contentions and deny all liability, and that Defendant claims that Plaintiffs were properly classified as independent contractors and the classification was made in good faith so additional money would not be owed in any event.

8. Defendant objects to the section "What if I Don't Want to Join?" This section should include statements that the individual will retain all rights if the individual does not join the lawsuit. The last sentence should specify that the individual will not be bound by the result, whether a recovery is allowed or denied.

9. Defendant objects to the section "What If I Have More Questions?" This section only lists the contact information for Plaintiffs. Putative members should also be provided with defense counsel's contact information and advised that they may contact defense counsel directly for information and defense counsel will answer their questions free of charge. This section should also state that questions should not be directed to the Court rather than having the statement at the end of the document.

10. Defendant objects to the bolded portion regarding retaliation and discrimination. The statement should state instead that Federal law prohibits an employer from retaliating against employees because an employee chooses to take part in this case. Defendant also objects to the last bolded paragraph. Plaintiffs should be advised that the court is issuing the notice in the section titled "Why am I getting this?" and does not need to be advised again. Further, limiting contact with the court should be addressed in the section "What if I have more question?"

IV. OBJECTIONS TO PROPOSED CONSENT TO SUE FORM, Exh A (Dkt. 19-1, pg. 7)

1. Subject to Defendant's opposition to Plaintiffs' Motion for Conditional Certification, if the Court orders sending the notice and the consent form, Defendant objects to the proposed consent form as specified below and respectfully requests that the Court order the parties to meet, confer and jointly prepare an accurate and balanced consent form.

2. Defendant objects to the title "Consent to Sue" of the proposed consent form. It should be titled: "Consent to Join."

3. Defendant objects to the first sentence of the form because it does not accurately identify the class and is not limited as requested by Defendant in Defendant's Response to Plaintiffs' Motion. It should specify that the individual is "a person who worked for Frio Nevado Corporation as a cleaning and sanitation worker whose primary duty was sweeping, mopping, and picking up debris inside the HEB warehouse and distribution center at 4625 Windfern Road, Houston, Texas 77041 during the three year period prior to the order."

4. Defendant objects to the consent form because it states that anyone signing the consent has agreed to enter into an agreement with Plaintiffs' counsel without attaching the agreement. If the notice is going to reference the agreement it should be attached to the consent to join and should contain a statement that the individual is advised to read the agreement before signing.

5. Defendant objects to the consent form because it does not include statements that the individual understands that by joining the individual will be bound by any judgment entered, whether favorable or unfavorable, and that if the consent is not signed the individual will not be affected by any ruling in this case whether for or against Plaintiffs in this case, that the individuals understand (a) they are subjecting themselves to the personal jurisdiction of the Court; (b) they may be required to answer written questions, sit for depositions, and/or testify in

court, (c) they may be subjected to counterclaims(s) asserted by Defendant; (d) they will not be entitled to recover unless the evidence supports such a recovery and (e) if the Court finds in favor of Defendant that the Plaintiffs and/or the person was an independent contractor, he/she may be bound to share in the costs of an adverse judgment.

## V.   OBJECTIONS TO PROCEDURAL REQUEST

1. Plaintiffs propose to send the notice by first class mail and by electronic mail. Dkt. 19, pg. 11. Defendant objects to notice being sent by electronic mail. Plaintiffs have shown no need to send the notice by means other than traditional mail. Plaintiffs also initially requested that the notice be posted, but has withdrawn this request. *See* Notice, Dkt. 24.

2. Defendant also objects to Plaintiffs' request to hire a third party class action administration company to oversee the mailing of the notice. Dkt. 19, pg. 11. Plaintiffs have provided no reason to incur the expense of a third party administrator to handle this case.

3. To the extent necessary, Defendant objects to Plaintiffs' proposed order that includes language prohibiting Defendant from communicating with any of the class members. Dkt. 24-1. Plaintiffs did not make this request as part of their motion and have provided no basis for such a constraint to be contained within the order.

WHEREFORE, PREMISES CONSIDERED, Defendant requests that the Court sustain its objections to Plaintiffs' evidence; strike the objectionable evidence and not consider it in deciding Plaintiffs' Motion for Conditional Certification. Defendant further requests that if the Court denies conditional certification, the Court find that Plaintiffs' discovery requests, proposed notice and proposed consent to join are moot; alternatively, Defendant requests that the Court sustain Defendant's objections to the discovery requests, proposed notice and proposed consent to sue and procedural requests and grant such other and further relief as is appropriate.

Respectfully submitted,

HOLLAND & HOLLAND, LLC
North Frost Center
1250 N.E. Loop 410, Suite 808
San Antonio, Texas  78209
Telephone:  (210) 824-8282
Facsimile:  (210) 824-8585

BY: _____
Michael L. Holland
State Bar No. 09850750
So. Dist. No. 83742
Inez M. McBride
State Bar No. 13331700
So. Dist. No. 19699
Attorneys for Defendants

## CERTIFICATE OF SERVICE

A true and correct copy of the above and foregoing instrument has been properly delivered pursuant to the *Federal Rules of Civil Procedure*, on the 26 day of June, 2015, to the following counsel of record:

Trang Q. Tran
Tran Law Firm LLP
9807 Westheimer Rd., Suite 302
Houston, Texas  77042

Lawrence D. Smith
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
112 East pecan Street, Suite 2700
San Antonio, Texas  78205

_____
Michael L. Holland
Inez McBride

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MILTON ROSALES, <br> MILTON BETANCOURT, <br> WILMER BRITO, <br> DENNIS ROSALES, <br> ZUNIGA, JESUS <br>     PLAINTIFF | § <br> § <br> § <br> § <br> § <br> § | |
| v. | § | CIVIL ACTION NO. 4:14-cv-03187 |
| HEB GROCERY COMPANY, LP and <br> FRIO NEVADA CORPORATION <br>     DEFENDANTS | § <br> § <br><br> § | |

## ORDER GRANTING DEFENDANT FRIO NEVADO CORPORATION'S MOTION TO STRIKE AND OBJECTIONS TO PLAINTIFFS' SUPPORTING EVIDENCE, REQUESTED DISCOVERY, NOTICE AND CONSENT TO SUE AND PROCEDURAL REQUESTS RELATING TO MOTION FOR CONDITIONAL CERTIFICATION

  Came on this day to be heard Defendant Frio Nevado Corporation's Motion to Strike and Objections to Plaintiffs' Supporting Evidence, Discovery Request, Notice and Consent to Sue and Procedural Requests Relating to Plaintiffs' Motion for Conditional Certification and Plaintiffs' response thereto. The Court, having considered Plaintiffs' Motion and Defendant's Objections, is of the opinion that Defendant's Objections to evidence supporting Plaintiffs' motion should be SUSTAINED.

  It is, therefore, ORDERED that Defendant's objections to the Declarations of Milton Betancourt, Jesus Zuniga Pavon, Dennis Orlando Soliz Pavon, and Manuel Castro (Dkt. 19-1, Exhibits B, C, D, and E) are sustained and the following evidence in each of the declarations is hereby stricken and shall not be considered in determining Plaintiffs' Motion: paragraph 2: references to the individuals employment status; paragraph 4, all references to the Declarants'

references to job duties being the same in all departments; paragraph 6 the Declarants' reference to all cleaners working more than 40 hours; paragraph 10, the Declarants' references to having talked to others and their beliefs.

It is further ORDERED, that because the Court has denied conditional certification, Plaintiffs' discovery requests for information to provide notices and Defendant's objections to the requests and substance of the proposed notice and consent to sue and procedural request are moot.

SIGNED and ENTERED on _____.

_____
UNITED STATES DISTRICT JUDGE