IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MILTON ROSALES, MILTON BETANCOURT, WILMER BRITO, DENNIS ROSALES, ZUNIGA JESUS §§§§ Plaintiffs § v. § HEB GROCERY COMPANY, LP and FRIO NEVADA CORPORATION §§§§§ Defendants § | CIVIL ACTION NO. 4:14-cv-03187 JURY TRIAL DEMANDED |

## PLAINTIFFS' MOTION FOR EQUITABLE TOLLING OF THE STATUTE OF LIMITATIONS

Plaintiffs Milton Betancourt, Wilmer Brito, Dennis Rosales and Jesus Zuniga hereby file this Motion for Equitable Tolling of the Statute of Limitations.

### INTRODUCTION AND FACTUAL BACKGROUND

Plaintiffs were employed by Frio Nevada Corporation as cleaners at an HEB grocery warehouse in Houston, Texas. Plaintiffs typically worked over 40 hours per week and were subjected to a systematic policy of being denied any form of overtime compensation, in contravention of section 207 of the Fair Labor Standards Act ("FLSA"). See 29 U.S.C. § 207. Currently, Plaintiffs have pending before this Court their Motion for Conditional Class Certification. However, the statute of limitations continues to run as to the claims of the potential class members.

The legal mechanisms in a collective action naturally require a delay before additional employees may join the lawsuit after the complaint is filed. First, Defendant must be served and allowed to answer. Second, no discovery, other than initial disclosures, is allowed prior

to an initial conference with the presiding judge, which typically takes several months from the filing date. Third, Defendant is allowed to file a response to the motion for class notice. Finally, the Court must take time to thoughtfully consider the motion and the response to make an informed decision. In this case in particular, Defendant HEB Grocery Company, LP was dismissed from the action on July 13, 2015. The case was terminated in its entirety, and then reinstated as to Defendant Frio Nevada on July 21, 2015. All of these factors played out in this case so that almost a year has lapsed since the original filing date of November 6, 2014. This delay was not caused by the Plaintiffs, but at least in part by the natural procedures in a matter such as this.

A court has the power to equitably toll the statute of limitations in this matter. See *Holmberg v. Armbrecht*, 327 U.S. 392, 397 (1946). Plaintiffs respectfully request that the Court use its power to equitably toll the statute of limitations in the present case for all potential class members from the date the Original Complaint was filed (November 6, 2014) or, in the alternative, from the date that Plaintiffs' Motion for Conditional Certification was filed (June 5, 2015). In support thereof, Plaintiffs respectfully show the following.

## **ARGUMENT AND AUTHORITIES**

Statutes of limitations are designed to ensure fairness to defendants and to notify them of claims that they must defend Statutes of limitations before the claims grow stale. *See Burnett v. New York Central R.R Co.*, 380 U.S. 424, 428 (1965). Specifically,

> "Such statutes promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared. The theory is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to

prosecute them."

*Id*. at 428, quoting *Order of R.R. Telegraphers v. Ry. Express Agency, Inc.*, 321 U.S. 342, 348-49 (1944). However, the United States Supreme Court specifically noted in Burnett, that "[t]his policy of repose, designed to protect defendants, is frequently outweighed, however, where the interest of justice require vindication of the plaintiff's rights." *Id*. at 428 Under 29 U.S.C. § 256, the statute of limitations in a collective action under the FLSA is not effective for the potential Plaintiffs who have not opted to join. *See* 29 U.S.C. § 256. Thus, the potential class members in the present case are at great risk of harm because the statute of limitations continues to run as to their rightful claims.

These potential Plaintiffs are similarly situated employees of Respondent and likely have been subjected to the same violations as the current Plaintiffs. Therefore, Plaintiffs respectfully request that this Court equitably toll the statute of limitations for all potential opt-in Plaintiffs from the date their Original Complaint was filed or, in the alternative, from the date Plaintiffs' Motion for Conditional Collective Certification was filed.

**A. The policies underlying the statute of limitations and the interests of justice favor equitably tolling the statute of limitations.**

The doctrine of equitable tolling allows a court to suspend the statute of limitations where it would be inequitable to enforce the statute of limitations in the given circumstances. The facts in the present case present such a situation and call for the application of equitable tolling to toll the statute of limitations for all potential opt-in Plaintiffs. To begin, the Arbitrators have the authority to equitably toll the statute of limitations in the present case, as equitable tolling is read into every Federal statute of limitations. *See Holmberg v. Armbrecht*, 327 U.S. 392, 397 (1946). In the context of FLSA collective actions, courts have specifically

tolled the statute of limitations to account for the time lapse between the filing and the granting of a motion for notice. *See Owens v. Bethlehem Mines Corp*., 630 F. Supp. 309 (S.D. Va. 1986) (tolling FLSA statute of limitations to account for delay in ruling on motion for notice); *Myers v. Copper Cellar Corp*., 3 WH Cases 2d 1081 (E.D. Tenn. 1996) (tolling FLSA statute of limitations due to delay in notification of potential Plaintiffs).

### 1. Tolling the statute of limitations in the present case ensures fairness and does not prejudice Respondent.

As stated above, an underlying policy of a statute of limitation is to prevent unfair surprise to a defendant. *See Burnett*, 380 U.S. at 428. The present action presents no surprise to Respondent. Frio Nevada was properly notified of the causes of action against it, and is presently before the court. Plaintiffs' Original Complaint has put Defendant on notice of the claims to be asserted against it and the identities of the employees with such claims. Thus, Frio Nevada has been made aware of the subject matter in dispute and the potential size of this litigation. Plaintiffs' Motion for Conditional Collective Certification is pending. Should the Court rule in Plaintiffs' favor, Defendant can anticipate the possible addition of opt-in Plaintiffs. Additionally, no wasting of evidence will result. The claims asserted by future opt-in Plaintiffs are the same as those to be asserted by the current Plaintiffs. Frio Nevada will likely rely on the same evidence in its defense and will not be unduly burdened to litigate those claims.

Furthermore, in federal class actions, claims of potential class members are typically tolled from the date the underlying claim is filed. The United States Supreme Court has held that under Rule 23 of the Federal Rules of Civil Procedure, the claims of all class members are tolled the date the complaint is filed. *See American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 551 (1974). Although Rule 23 has an opt-out structure as opposed to the opt-in structure

of the FLSA, the Age Discrimination in Employment Act ("ADEA") incorporates the opt-in structure of the FLSA under 29 U.S.C. § 626(b), and Texas federal courts have tolled the statute of limitations in ADEA cases.[1]

Federal courts have a liberal policy to toll the state of limitations from the date of filing of the Complaint. However, should the Court find this request improper, Plaintiffs are humbly asking this court to toll the statute of limitations from the date their Motion for Class Notice was filed. Although the FLSA does not contain a specific provision for the tolling of the statute of limitations, doing otherwise would clearly result in unfairness and injustice.

### 2. The policies of the FLSA would be promoted by tolling the statute of limitations.

The United States Supreme Court has articulated that the FLSA is designed to protect certain groups of the population from substandard wages and excessive hours which endangered the national health and well-being and the free flow of goods in interstate commerce. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706-07 (1945). The potential opt-in class members, like the current Plaintiffs are a clearly harmed group of individuals intended to be protected by the FLSA. They worked long hours without the compensation that the FLSA guarantees and were denied that right through no fault of their own. The practical effect of not tolling would be to greatly diminish their rightful claims.

Further, a brief primer on the history of the FLSA indicates that an injustice would result if the statue of limitations were not tolled. The limitations provision of the FLSA was enacted in the Portal-to-Portal Act of 1947. *McLaughlin v. Richmond Shoe Co.*, 486 U.S. 128, 131 (1988). One of the main purposes of the limitations provision was to prevent the assertion of surprise claims by unnamed employees at a time when the statute of limitations

---

[1] *See, e.g., Yowman v. Jefferson County*, 370 F.Supp.2d 568, 578 (E.D. Tex. 2005) (equitably tolling the statute of limitation after plaintiff acted diligently and finding that the defendant would not be unduly prejudiced in

would have otherwise run. *See Gibbons v. Equitable Life Assurance Soc'y of United States*, 173 F.2d 337, 339 (2nd Cir. 1949). As stated previously, the claims of the potential class members would not surprise or prejudice Frio Nevada in any manner. Defendant is aware of the subject matter of the present dispute and the names of the employees that have claims against it.

### 3. The interests of justice would be served by equitably tolling the statute of limitations in the present matter.

The interests of justice clearly favor tolling the statute of limitations in the present case. Plaintiffs have acted diligently and did not "slumber" on their claims. Plaintiffs have (i) timely filed their complaint, (ii) timely filed a motion for class certification, and (iii) engaged in discovery. These efforts were taken to expedite the proceedings and to protect the rights of the potential class members. Moreover, equitable tolling does not require misconduct on the part of the defendant.[2]

The purpose of a statute of limitations would not be disturbed by tolling it under the facts in this case. Frio Nevada would not be prejudiced or harmed by the tolling, and Plaintiffs have acted diligently in the prosecution of the present case. Moreover, tolling the statute of limitations promotes the policies of the FLSA and helps to vindicate the rights of all potential class members. Not tolling the statute will reduce the opt-in Plaintiffs' claims by at least four months, and up to a full year. The putative class members have no control over the length of time it takes to get a ruling on a motion for conditional class certification can be filed or ruled on. For some of the class members, the passage of time could exhaust their entire claim, and Frio Nevada will have benefited from its violation of the FLSA due merely

---

tolling the statute of limitations.)
[2] *See e.g., Browning v. AT&T Paradyne*, 120 F.3d 222, 226 (11th Cir. 1997); Bell v. Fowler, 99 F.3d 262, 266 n.2 (8th Cir. 1996).

to procedural delays that were not caused by the opt-in Plaintiffs.

Ultimately, this Court has an obligation to those not before it, to ensure that they are apprised of proceedings that may finally affect them and to preserve their day in court.[3] The rights of these potential class members would be curtailed through no fault of their own if the statute of limitations was not tolled.

### III. CONCLUSION

In this case, the policies underlying statutes of limitations, which are designed to protect defendants, are fulfilled and the interests of justice require tolling in order to vindicate their rights. *See Burnett*, 380 U.S. at 428. Plaintiffs have acted diligently and Frio Nevada would not be unduly prejudiced with the tolling of the statue of limitations in the present case. As such, Plaintiffs respectfully request that the Court grant their Motion for Equitable Tolling.

Respectfully Submitted,

TRAN LAW FIRM L.L.P.

/S/Trang Q. Tran
Trang Q. Tran
Texas Bar No. 00795787
Federal I.D.: 20361
Alecia D. Best
Texas Bar No. 24092129
Federal I.D.: 2591730
9801 Westheimer Rd., Suite 302

---

[3] *See Board of Regents v. Roth*, 408 U.S. 564, 569 (1972); *See also In Re Gypsum Antitrust Cases*, 565 F.2d 1123, 1127 (9th Cir. 1977) ("[T]he trial court has an obligation to those not before it to ensure that they are apprised of proceedings that may finally affect them"); *Partlow v. Jewish Orphans' Home Of Southern California, Inc.*, 645 F.2d 757, 760 (9th Cir. 1981) ("[T]he policy underlying the equitable estoppel doctrine is that of preserving the plaintiff's day in court").

                                                    Houston, Texas 77042
                                                    (713) 223 – 8855 Telephone
                                                    (713) 623 – 6399 Facsimile

                                          **ATTORNEY FOR PLAINTIFFS**

### CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that she attempted to confer with counsel regarding this motion prior to its filing. Having received no response, the motion is being filed as opposed.

                                                          /S/Alecia D. Best
                                                          Alecia D. Best

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was forwarded on Monday, October 19, 2015 in the following manner to:

*(Via Fax: 713-401-3547 and Electronic Mail: mark@osattorneys.com)*
Mark J. Oberti
Oberti Sullivan LLP
723 Main Street, Suite 340
Houston, TX 77002
4615 Castleview Circle
Baytown TX 77521

**ATTORNEY FOR RESPONDENT**

                                                          /S/Trang Q. Tran
                                                          Trang Q. Tran