United States District Court
Southern District of Texas
**ENTERED**
May 06, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MILTON ROSALES, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-14-3187 |
| | § | |
| HEB GROCERY COMPANY, LP, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

The plaintiffs in this Fair Labor Standards Act case are current and former employees of Frio Nevada Corporation who worked at a warehouse owned by HEB Grocery Company, LP. The plaintiffs allege that Frio Nevada violated the FLSA, 29 U.S.C. § 201 *et seq.*, by failing to pay overtime. The plaintiffs filed this suit on November 6, 2014 and moved for conditional certification on June 5, 2015. (Docket Entries No. 1, 19). Discovery ended on November 13, 2015. (Docket Entry No. 15). On November 19, 2015, the plaintiffs moved to apply equitable tolling to the statute of limitations, extending it to the date they filed the complaint on behalf of the class. In the alternative, the plaintiffs moved for equitable tolling to the date they filed the motion for conditional certification. (Docket Entry No. 37).

Frio Nevada responded. (Docket Entries No. 27, 38). On February 29, 2016, after hearing oral argument on the motions for conditional certification and equitable tolling, the court granted the motion for conditional certification and took the motion for equitable tolling under advisement. The court allowed the parties to submit additional authority in support of, and opposition to, the equitable tolling motion. (Docket Entries No. 48, 50, 51).

In their initial motion for equitable tolling, the named plaintiffs argued that the delay between filing suit and the court's ruling on the motion for conditional certification is common for a large FLSA collective action and that they diligently pursued their claims. (Docket Entry No. 37). In their posthearing supplement, the named plaintiffs for the first time alleged that Frio Nevada had never posted signs at the warehouse informing them or other putative class members of their rights under the FLSA, as 29 C.F.R. § 516.4 requires. The named plaintiffs argued that the motion can be granted for this reason alone. (Docket Entry No. 50). The named plaintiffs submitted the declaration of a former Frio Nevada employee and putative collective-action member, Jesus Zuniga, in support of this allegation. (Docket Entry No. 50, Ex. 1).

In response, Frio Nevada objected to and disputed the new allegation and evidence. Frio Nevada asserted that it did post the required signs and asked the court to strike the new allegation and evidence, or in the alternative, to grant leave to file a formal motion to strike and response. (Docket Entry No. 51).

Frio Nevada's request for leave to file a formal response to the new allegation and evidence is granted. Frio Nevada must file its response, not to exceed ten pages, by May 25, 2016. The named plaintiffs may file a reply, not to exceed five pages, by June 1, 2016. Frio Nevada's alternative request for leave to file a formal motion to strike is denied as unnecessary.

SIGNED on May 6, 2016, at Houston, Texas.

Lee H. Rosenthal
United States District Judge