United States District Court
Southern District of Texas
**ENTERED**
June 24, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MILTON ROSALES, MILTON BETANCOURT, WILMER BRITO, DENNIS ROSALES, JESUS ZUNIGA | § § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. H-14-3187 |
| HEB GROCERY COMPANY, LP and FRIO NEVADA CORPORATION, | § § § § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

The plaintiffs in this Fair Labor Standards Act case are current and former employees of Frio Nevada Corporation. They all worked at a warehouse owned by HEB Grocery Company, LP. The plaintiffs allege that Frio Nevada violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, by failing to pay them overtime hours when they worked more than 40 hours in a workweek.

The plaintiffs filed this suit on November 6, 2014 and moved for conditional certification on June 5, 2015. (Docket Entries No. 1, 19). On November 19, 2015, they sought equitable tolling to extend the statute of limitations to the date they filed their collective-action complaint. In the alternative, the plaintiffs sought equitable tolling to extend limitations to the date they moved for certification. (Docket Entry No. 37). The plaintiffs supplemented their motion, Frio Nevada responded, the plaintiffs replied, and the court heard oral argument. (Docket Entries No. 38, 50, 51, 56, 57). Based on the motion, the responses and replies, the record, the applicable law, and counsels' arguments, the court denies the plaintiffs' motion for equitable tolling and explains the reasons below.

**I.      Background**

In their initial tolling motion, the plaintiffs argued that the delays between filing suit, moving for conditional certification and issuance of notice, and receiving the court's certification ruling are common in large FLSA collective actions and that they diligently pursued their claims. (Docket Entry No. 37). At oral argument, the court indicated its concerns that given the case law, this ground did not justify equitable tolling, but allowed the plaintiffs to submit additional authority.

After the hearing, the plaintiffs for the first time alleged that Frio Nevada had engaged in misconduct justifying equitable tolling by failing to post notices at the warehouse informing employees of their FLSA rights, as 29 C.F.R. § 516.4 requires. (Docket Entry No. 50). The plaintiffs submitted the affidavit of one plaintiff, Frio Nevada employee Jesus Zuniga, who worked for several years at the warehouse. Zuniga stated, "[w]hile I was working for Frio Nevada I do not remember ever seeing a poster informing me of my legal rights regarding employment or wages . . . ." (Docket Entry No. 50, Ex. 3).

In response, Frio Nevada submitted affidavits stating that it did post the required notices and submitted photographs showing the notices. Anna Becerra, Director of Operations, and Armando Mercado, a warehouse manager, both stated that the notices were posted, including in the break room. (Docket Entry No. 56, Exs. 1-2). Mercado stated that he saw the named plaintiffs in the break room. (*Id.*, Ex. 2).

The plaintiffs respond that even if Frio Nevada posted the signs, tolling may nonetheless apply because many putative class members could not read them. The plaintiffs argue that there is no evidence that the notices were in Spanish as well as English. The plaintiffs also argue that Frio

Nevada wrongfully classified their employees as independent contractors and that this additional ground justifies tolling.

Each argument is considered below.

## II.     The Legal Standard for Equitable Tolling

Limitations for an employer's FLSA violation is two years unless the violation was "willful," which has a three-year limitations period. 29 U.S.C. § 225. "[W]illful" means "that the employer knew or showed reckless disregard as to whether its conduct was prohibited by the statute." *Trans World Airlines, Inc. v. Thurston*, 105 U.S. 111, 119 (1985). The limitations period begins to run when the plaintiff has actual or constructive knowledge of his or her FLSA rights. *See Clark v. Resistoflex Co., A Div. of Unidynamics Corp.*, 854 F.2d 762, 767-68 (5th Cir. 1988); *Elliott v. Grp. Med. & Surgical Serv.*, 714 F.2d 556, 563-64 (5th Cir. 1983). Frio Nevada does not argue that any plaintiffs had actual knowledge; the issue is constructive knowledge.

Equitable tolling applies only in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 927, 930 (5th Cir. 2000). The most common basis for tolling is that "the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Teemac v. Henderson* 298 F.3d 452, 454 (5th Cir. 2000), quoting *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). The employer's misconduct vitiates an employee's constructive knowledge of his or her rights, eliminating the presumption that employees know their legal rights. Employer misconduct does not justify equitable tolling if plaintiffs actually knew their FLSA rights. *Clark*, 854 F.2d at 767-68. The party seeking to toll limitations has the "burden of proving the need for tolling[.]" *Teemac,* 298 F.3d at 454.

**III.     Analysis**

    **A.     FLSA Notices**

An employer's failure to post signs notifying employees of their legal rights can equitably toll the administrative deadlines that apply to the Age Discrimination in Employment Act. *Clark v. Resistoflex Co., A Div. of Unidynamics Corp.*, 854 F.2d 762, 767-68 (5th Cir. 1988); *Elliott v. Grp. Med. & Surgical Serv.*, 714 F.2d 556, 563-64 (5th Cir. 1983). In *Elliot*, an employee alleged that he was terminated in violation of the ADEA, but did not file his notice of intent to sue within the 180-day period. The ADEA requires employers to post workplace notices informing employees about their rights under the ADEA. 29 U.S.C. § 627. The employer had failed to do so. The Fifth Circuit upheld the district court's application of equitable tolling, so that the "ADEA's 180-day filing period [was] . . . measured from . . .when [the employee] acquired actual knowledge of his ADEA rights . . . ." *Elliot*, 714 F.2d at 563.

In *Clark*, the employee did not file his notice of intent to sue under the ADEA within 180 days of his termination. His employer had posted the required notices at some offices, but not where the employee regularly worked. The employee had, however, learned of his ADEA rights by consulting an attorney. The Fifth Circuit upheld the district court's refusal to toll because the plaintiff actually knew his ADEA rights, removing the need to rely on constructive knowledge. *Clark*, 854 F.2d at 767-68. The Fifth Circuit reaffirmed its previous holding that if an employer "fails to discharge its [posting] duty . . . as to a particular employee, the filing period is tolled unless or until the employee has acquired actual knowledge of his ADEA rights . . . ." *Id.* at 768.

The reasoning of these cases extends to FLSA claims. In *Cruz v. Maypa*, 773 F.3d 138, 146

4

(4th Cir. 2014), an FLSA overtime case, an employee sought equitable tolling based on her employer's failure to post notices required by 29 C.F.R. § 516.4. Like the Fifth Circuit, the Fourth Circuit had held that ADEA administrative deadlines can be tolled on this basis. *See Vance v. Whirlpool Corp.*, 716 F.2d 1010 (4th Cir.1983). In *Cruz*, the court extended the ADEA ruling to FLSA claims. *Cruz*, 773 F.3d at 146. The court reasoned that the ADEA and FLSA notice provisions were similar and that both existed to "ensure that those protected under the Acts are aware of and able to assert their rights." *Id.* Although the ADEA issue was an administrative deadline, not a statute of limitations, both set deadlines for plaintiffs to assert their rights. Neither the ADEA nor the FLSA provided for penalties against an employer failing to post required notices. *Id.* "Therefore, absent a tolling rule, employers would have no incentive to post notice since they could hide the fact of their violations from employees until any relevant claims expired." *Id.*

District courts in this circuit have applied *Clark* and *Elliot* beyond the ADEA. In *Janet R. Crippi v. Dep't of Army*, No. CIV.A 95-2333, 1997 WL 124143, at *4 (E.D. La. Mar. 18, 1997), the court analyzed equitable tolling in the context of the Title VII 45-day deadline for federal employees to file a complaint with their employer's Equal Employment Office. The court denied tolling on the facts of that case, but noted that it would apply the equitable tolling approach in *Clark* to administrative deadlines for Title VII claims.

The cases Frio Nevada cites are distinguishable. In *Escobedo v. Dynasty Insulation, Inc.*, 694 F. Supp. 2d 638 (W.D. Tex. 2010), the court did not apply tolling to opt-in FLSA plaintiffs, even though the employer failed to post required notices. In that case, the employees actually knew their FLSA rights, evidenced by the fact that they questioned their employer's failure to pay them

overtime during their employment. *Escobedo*, 694 F. Supp. 2d at 653-54.

In *Lima v. Int'l Catastrophe Sols., Inc.*, 493 F. Supp. 2d 793, 803 (E.D. La. 2007), the district court denied equitable tolling to opt-in FLSA plaintiffs based on the complaint allegations that the employer failed to post FLSA notices, but only because the record did not address the issue. The court denied tolling as premature, without prejudice to revisiting the issue later, and stated that the reasoning in *Clark* applied. *Lima*, 493 F. Supp. 2d at 803.

In *Archer v. Sullivan County, Tenn.*, 129 F.3d 1263, 1997 WL 720406 (6th Cir. 1997) (unpublished), the employee argued tolling for his FLSA claims because his employer did not post compliant notices. The employer had posted notices stating that its employees were entitled to overtime, but the notices did not include information about limitations. *Archer*, 1997 WL 720406 at *4. The Sixth Circuit held, without extensive analysis, that this did not justify tolling. *Id.* The Sixth Circuit did not address whether a complete failure to post notices, or a different alleged deficiency in the notice, would equitably toll limitations. *Id.*

The affidavit the plaintiffs submitted, in which one employee denied remembering FLSA notices, does not justify tolling when, as here, the employer submits undisputed evidence that notices were posted. In *Kale v. Combined Ins. Co. of Am.*, 861 F.2d 746, 753 (1st Cir. 1988), an ADEA case, the plaintiff asserted that he did not recall seeing notices, but the employer presented uncontroverted affidavit evidence that it had posted them. *Kale*, 861 F.2d at 754. The First Circuit held that "plaintiff's argument of non-observation" was not enough to survive summary judgment on limitations. *Id; see also Vaught v. R.R. Donnelley & Sons Co.*, 745 F.2d 407, 412 (7th Cir. 1984) (allegation that employee did not see notices was insufficient given evidence that notices were

posted); *Posey v. Skyline Corp.*, 702 F.2d 102, 106 (7th Cir. 1983) ("[Employee's] affidavit merely indicates that [he] never saw the ADEA notice, which is not the same as an averment that the notice was not in fact conspicuously posted."); *Bonham v. Dresser Indus., Inc.*, 569 F.2d 187, 193 n.7 (3d Cir. 1977) ("If the employer complied with the relevant posting regulations, an employee's assertion that he never saw any notices should not of itself require tolling . . . .").

This case is similar. The employee's affidavit statement that "[w]hile I was working for Frio Nevada I do not remember ever seeing a poster informing me of my legal rights regarding employment or wages," (Docket Entry No. 50, Ex. 3), is insufficient given the managers' affidavit statements that they posted the notices in the warehouse where the plaintiffs worked. Mercado stated that he saw the plaintiffs in the break room that contained the notices. (*Id.,* Ex. 2). Frio Nevada also submitted photos of the posted notices. (*Id.*, Ex. 1). Zuniga's claim that he does not remember seeing the notices, in light of substantial and undisputed evidence that the employer did post them, is insufficient for tolling.

The plaintiffs also argue, without citing authority, that even if the notices were posted, limitations can still be tolled because they were only in English. The plaintiffs have not identified, and the court has not found, authority for the proposition that the notices had to be in Spanish. In other contexts, the Department of Labor has issued regulations that explicitly require posting in additional languages. *See* 29 C.F.R. § 825.300 (Family Medical Leave Act); 29 C.F.R. § 471.2(d) (federal government contractors). The Department has not issued a comparable regulation for FLSA notices. 29 C.F.R. § 516.4, which governs the posting of FLSA notices, does not state that notices must be in languages other than English. The Department has issued guidance statements that FLSA

notices are not required in languages other than English. UNITED STATES DEPARTMENT OF LABOR, FIRSTSTEP EMPLOYMENT LAW ADVISOR, http://webapps.dol.gov/elaws/ firststep/.

In *Teemac v. Henderson*, 298 F.3d 454, an employee sued under Title VII, claiming that his employer, the United States Postal Service, discharged him because of his religious beliefs. *Id.* The employee did not timely file his complaint with the Postal Service's Equal Employment Office. *Id.* at 454-55. The Postal Service had given the employee notice of his rights under Title VII through various documents and seminars, but the employee could not read or understand them because of a language barrier. *Id.* at 456-57. The court held that the language difference provided no basis for tolling limitations because equitable tolling is only a "narrow exception" to the "well-established background rule that employees are charged with knowing the law." *Id.* at 458. Once the employer gives notice of the employee's rights, the employee has the "obligation to investigate terms and conditions of employment left ambiguous because of his language deficiencies." *Id.*

Similarly, Frio Nevada provided notice to its employees of their FLSA rights through the posted notices. The law does not justify tolling for failing to provide notice in Spanish, even though it was the primary workplace language.

### B. The Effect of Frio Nevada's Classification of Plaintiffs as Independent Contractors

The plaintiffs argue, again without citing authority, that the statute of limitations should be tolled because Frio Nevada wrongfully classified them as independent contractors. Even assuming that equitable tolling applies when an employer missclassifies a worker, the court has not ruled on whether the plaintiffs are or are not independent contractors. Nor have the plaintiffs presented evidence that they were employees. The court will not decide whether to toll the statute of

limitations on this ground at this stage.

## IV. Conclusion

The plaintiffs' motion to equitably toll the statute of limitations, (Docket Entries No. 37, 50), is denied.

SIGNED on June 24, 2016, at Houston, Texas.

Lee H. Rosenthal
United States District Judge